## WRIGHT & DITSON *vs.* CITY OF BOSTON.

Suffolk.     February 4, 1930. — February 5, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*School and School Committee.  Boston.*

The provisions of St. 1907, c. 295, § 1, did not empower or authorize the school committee of the city of Boston to purchase athletic wearing apparel for the purpose of being lent to certain pupils of a public school to be worn and used while practising for athletic games and contests so long as such pupils might remain members of a football team representing the school, title to be retained by the city and the wearing apparel to be returned to the school committee when a pupil to whom it had been lent ceased to be a member of such team and, after cleansing, to be relent. Following *Brine* v. *Cambridge,* 265 Mass. 452.

CONTRACT upon an account annexed for $100, the price of twenty-five pairs of "football pants."    Writ dated July 10, 1929.

In the Superior Court, the action was heard by *Greenhalge,* J., upon an agreed statement of facts.  Material facts are stated in the opinion.  The judge found the facts as stated in the agreed statement of facts and reported the action for determination by this court.

*A. D. Hill,* (*R. S. Sughrue* with him,) for the plaintiff.

*S. Silverman,* Corporation Counsel, for the defendant.

RUGG, C.J.   This is an action of contract to recover the "price of athletic wearing apparel purchased from the plaintiff by the school committee of the defendant." Such wearing apparel was bought for the purpose of being loaned to certain pupils of a public school to be worn and used while practising for athletic games and contests so long as such pupils might remain members of a football team representing the school.  Title was to be retained by the city, and the wearing apparel was to be returned to the school committee when any pupil ceased to be a member of such team and, after cleansing, to be reloaned.  The

number of pupils on the football team is small compared to the total number in the school. It is agreed that "It is impossible to organize and conduct football teams without such wearing apparel as that for which the plaintiff in this case is seeking to recover the purchase price. Playing football without the protection of pads, head guards, etc., would subject the participants to serious danger to health and even life. Athletic training is an essential part of the modern theory of education, and football is one of the most popular forms of athletics. Many students in the Boston public schools are financially unable to furnish their own athletic wearing apparel and if the school committee is unable to furnish it the result will be that a great many students will be barred from competition for the school teams."

The powers of the school committee of the defendant city touching this matter are set forth in St. 1907, c. 295, § 1. Thereby the school committee of the defendant city "shall . . . organize and conduct physical training and exercises, athletics, sports, games, and play, and shall provide proper apparatus, equipment and facilities for the same in the buildings, yards and playgrounds under the control of said committee, or upon any other land which it may have the right to use for this purpose." See also Spec. St. 1919, c. 206, § 1 (d). The language of the enabling statute involved, while varying somewhat, does not differ in substance from that contained in G. L. c. 71, § 48, conferring similar powers upon school committees of other cities. Said § 48 was before the court for construction in *Brine* v. *Cambridge*, 265 Mass. 452. It there was decided that said § 48 did not confer upon the school committee of that city power to do what was undertaken to be done by the school committee of the present defendant. The case at bar is governed by the decision in the Brine case. It is unnecessary to repeat the grounds upon which that decision rests. It follows that the entry must be

*Judgment for defendant.*